UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PERRY ROSE,<br><br>             Plaintiff,<br><br>     v.<br><br>MISS PACIFIC, LLC, PACIFIC FISHING, LLC, F/V MISS PACIFIC, ON 621179,<br><br>             Defendants. | Case No. C08-5768RJB<br><br>ORDER ON DEFENDANTS MISS PACIFIC, LLC AND PACIFIC FISHING, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, AND LACK OF SUBJECT MATTER JURISDICTION AND FOR PARTIAL SUMMARY JUDGMENT RE DEFENDANT PACIFIC FISHING, LLC. |

This motion comes before the court on Defendants Miss Pacific, LLC and Pacific Fishing, LLC's

Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, and Lack of Subject Matter

Jurisdiction and For Partial Summary Judgment Re Defendant Pacific Fishing, LLC (hereinafter referred to

as "Motion to Dismiss"). Dkt. 9. The court has considered the relevant documents and the remainder of

the file herein. The court notes that the defendants' Motion to Dismiss does not include the vessel F/V

MISS PACIFIC, ON 621170. Dkt. 9.

ORDER
Page - 1

# I. DEFENDANTS' MOTION TO DISMISS

On February 4, 2009, the defendants Miss Pacific, LLC and Pacific Fishing, LLC filed their Motion to Dismiss. Dkt. 9. These defendants asked the court to dismiss the plaintiff's action against them for lack of personal jurisdiction and insufficient process. Dkt. 9. The defendant Pacific Fishing, LLC asked the court to dismiss the claims against it for lack of subject matter jurisdiction and to grant partial summary judgment, because it is not a proper defendant. Dkt. 9.

On February 23, 2009, the plaintiff filed a response in opposition to the defendants' Motion to Dismiss. Dkt. 26. In the plaintiff's response, he argued that there is clear personal jurisdiction over the defendants and that this court should deny the defendants' motion or delay the motion under Federal Rule of Civil Procedure 56(f) until the plaintiff can pursue jurisdictional discovery. Dkt. 26. The plaintiff requests that if the court determines that there is personal jurisdiction, but insufficient service of process the court should order and strike proofs of service on file but not dismiss the action. Dkt. 26. The plaintiff states that such an order would allow the plaintiff to re-serve Miss Pacific, LLC's Washington agent and to serve Pacific Fishing, LLC with a 60-day out-of-state summons if necessary. Dkt. 26.

On February 27, 2009, the defendants filed a reply in support of their Motion to Dismiss. Dkt. 36. The defendants argue that the plaintiff failed to make a showing of either general or specific jurisdiction, because the plaintiff's assertion that the defendants purposefully recruited Washington residents, including the plaintiff, is not sufficient to establish the requisite minimum contacts with Washington State, even if true. Dkt. 36. The defendants also argue that the plaintiff cannot establish specific jurisdiction because the plaintiff was not actively recruited in Washington State. Dkt. 36. Furthermore, the defendants assert that summary judgment in favor of Pacific Fishing, LLC should be granted because the plaintiff failed to provide any evidence that Pacific Fishing, LLC owned or operated the MISS PACIFIC, or employed the plaintiff. Dkt. 36. Finally, the defendant argues that the plaintiff's assertion that he can rely on Washington

State's long-arm statute to drag foreign defendants into this court's forum and disregard the express statutory requirement that his summons provide a 60-day response time, if the defendants are served out-of-state, are wrong as a matter of law. Dkt. 36.

On February 28, 2009, the plaintiff filed a surreply to the defendants' Motion to Dismiss. Dkt. 37. The plaintiff's surreply was "intended to counter misstatements of law and fact contained in the Defendants' Reply." Dkt. 37. The plaintiff's surreply primarily addressed the defendants' employment agreement arbitration clause and the "inference of vessel presence in Washington ports." Dkt. 37. First, a surreply is not authorized under Civil Rule 7(b). Second, the court does not rely on the arbitration clause to determine whether this court has jurisdiction. Finally, the "inference of vessel presence in Washington ports" is only an inference, and the plaintiff offered no jurisdictional facts to indicate that the vessel had been in Washington ports. Furthermore, the vessel MISS PACIFIC is not named in the defendants' Motion to Dismiss.

On February 28, 2009, the plaintiff filed a request for oral argument with the court. Dkt. 38. The court determines that oral argument is not necessary.

## II. RELEVANT FACTS

The court relies on declarations filed in this case for jurisdictional facts only.

### A. *Plaintiff's Alleged Injury*

This action arises out of the plaintiff's alleged injury aboard the F/V MISS PACIFIC, a commercial fishing vessel, on November 5, 2008. Dkt. 20. Specifically, the plaintiff maintains that he slipped on the deck of the MISS PACIFIC and injured his knee. Dkt. 20 . The plaintiff contends that his injury happened aboard the vessel while it was docked at its home port in Warrenton, Oregon. Dkt. 20. The defendants agree that the MISS PACIFIC was docked at its home port of Warrenton, Oregon on November 5, 2008. Dkt. 13.

The plaintiff contends that the night before his injury he stayed at his home in Washington and

commuted to the vessel that morning. Dkt. 20. The plaintiff asserts that the crew, all residents of

Washington, would stay overnight at their homes in Washington when the MISS PACIFIC was docked

overnight. Dkt. 20.

After the injury, the plaintiff alleges that he had all his medical treatment in Washington and, at the

direction of the defendants, he sent his medical bills to the defendants' Washington claims agent, Glenna

Diers of Spartan Ltd., located in Seattle, Washington. Dkt. 20.

*B. Defendants' Contacts with Washington*

The defendants assert that Pacific Fishing, LLC and Miss Pacific, LLC do not transact business

with Washington. Dkt. 10; Dkt. 11. They are both registered as Oregon Limited Liability Companies. Dkt.

10; Dkt. 11.

The defendants state that Miss Pacific, LLC owns and operates MISS PACIFIC, a commercial

fishing vessel, out of Warrenton, Oregon. Dkt. 11. The defendants maintain that Miss Pacific, LLC has

exclusively delivered and sold its catch to Oregon processing plants. Dkt. 11. The defendants assert that

Miss Pacific, LLC does not advertise its product in Washington nor does it have any offices, bank

accounts, shareholders, and owns no property in Washington. Dkt. 11. However, the defendants state that

Miss Pacific, LLC is registered in Washington as a foreign corporation and has appointed a registered

agent as mandated by statute, for the purposes of obtaining a shrimp fishing permit, although the

defendants state that this permit has never been used. *See* Dkt. Exhibit 9.

The defendants contend that Miss Pacific, LLC does not advertise job openings in Washington.

Dkt. 11. It appears from the plaintiff's declaration that the MISS PACIFIC's Captain Mike Allen's wife,

who works as a receptionist at Ocean Beach Hospital, located in Ilwaco, Washington where the plaintiff

was receiving treatment for an earlier knee injury, suggested that the plaintiff should apply for a job on the

MISS PACIFIC once he recovered from his earlier knee injury. Dkt. 20. The plaintiff states that Mike Allen interviewed and hired the plaintiff on the MISS PACIFIC. Dkt. 20. The defendants state that the plaintiff signed his crewmember agreement aboard the MISS PACIFIC while it was docked in Warrenton, Oregon on October 16, 2008. Dkt. 13. The defendants contend that the crewmember agreement, signed by the plaintiff, states that all claims, disputes, and controversies will be resolved by arbitration in Portland, Oregon. *See* Dkt. 13; Exhibit 1. Furthermore, the defendants state that the crewmembers collect their paychecks in Warrenton, Oregon. Dkt. 11.

The defendants also state that Pacific Fishing, LLC's sole member, Frank Dulcich, resides in Washington, but Pacific Fishing, LLC has no offices, agents, bank accounts, or owns no property in Washington nor does it advertise or sell its product in Washington. Dkt. 10.

*C. Pacific Fishing, LLC's Involvement with the Plaintiff*

The defendants contend that Pacific Fishing LLC did not employ the plaintiff nor did it own or operate the MISS PACIFIC at any relevant time. Dkt. 10. But, the plaintiff states that his signed crewmember agreement is titled "Pacific Fishing LLC Crewmember Agreement." Dkt. 19 Exhibit 6. Furthermore, the plaintiff contends that Pacific Fishing, LLC is the parent company of Miss Pacific, LLC, which is a wholly-owned subsidiary, and it appears that the defendants do not dispute this fact. Dkt. 26 at 3; *see* Dkt. 16 *(Disclosure of Corporate Affiliations and Financial Interest by Defendants Miss Pacific LLC, Pacific Fishing LLC)*. Specifically, the defendants state that "Miss Pacific, LLC's sole Member is Pacific Fishing, LLC, which is an Oregon limited liability company." Dkt. 11 at 3.

## III. DISCUSSION

The defendants filed their Motion to Dismiss under the Federal Rules of Civil Procedure 12(b)(2) lack of personal jurisdiction, 12(b)(1) lack of subject matter jurisdiction, 12(b)(4) insufficient process and 56(b) partial summary judgment for defendant Pacific Fishing, LLC.. Dkt. 9.

*A. Lack of personal jurisdiction*

Under Fed.R.Civ.P. 12(b)(2), the court must dismiss a claim if the court lacks personal jurisdiction over the defendant. It is plaintiff's burden to establish a prima facie case of personal jurisdiction by alleging facts that, if true, would support jurisdiction. *Bancroft & Masters, Inv. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts to withstand the motion. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.2001) To make a prima facie showing, plaintiff must allege facts which, if true, would be sufficient to establish personal jurisdiction. *Id.* If not directly controverted, plaintiff's version of the facts is taken as true for the purposes of the motion. *Id.* Conflicts between the facts stated in the parties' affidavits must be resolved in plaintiff's favor during a prima facie jurisdictional analysis. *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir.2002).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800 (9th Cir. 2004). In Washington, the long-arm statute is co-extensive with the outer limits of due process. *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F.Supp.2d 1134, 1137 (W.D. Wash. 2001).

In order to satisfy the Constitutional requirements of due process, the defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The law generally recognizes two varieties of personal jurisdiction over non-resident defendants: general and specific. *Amazon.Com, Inc. v. Kalaydjian*, 2001 WL 491752 *2 (W.D. Wash. 2001)(citing *Panavision Int'l, L.P. v Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).

## 1. General Jurisdiction

For general jurisdiction to exist over a nonresident defendant, that defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state. *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 801 (9th Cir. 2004). The Ninth Circuit has stated that "the level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir. 1990) *citing Helicopteros Nationales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Factors to be taken into consideration when determining whether a defendant is subject to general jurisdiction are whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The defendants argue that they do not have the requisite minimum contacts with Washington State to justify the plaintiff's assertion of general jurisdiction. Dkt. 9. First, the defendants argue that Pacific Fishing, LLC has no contacts with Washington State because it is an Oregon Limited Liability Company that doe not transact business in the State of Washington, is not licensed to do business in the State of Washington, has no offices, agents, or property in Washington, has not advertised in Washington, and has not sold products or services in Washington. Dkt. 9. Second, the defendants argue that Miss Pacific, LLC similarly has no contacts with Washington State except that it is authorized to transact business and that is has appointed a registered agent in Washington for the purposes of obtaining a shrimp license, which Miss Pacific, LLC has never used. Dkt. 9. It appears from the plaintiff's response that he does not contest the defendants' assertion that this court does not have general jurisdiction over the defendants. Dkt. 26. The jurisdictional facts supplied by the defendant supports its assertion that this court does not have general jurisdiction over it because it has not engaged in continuous and systematic general business contacts with Washington State. This court does not have general jurisdiction over the defendants.

2. Specific Jurisdiction

The Ninth Circuit has established a three-pronged test for analyzing a claim of specific jurisdiction: (1) the non-resident must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Doe v. Unocal Corp.*, 248 F.3d at 923.

For the first prong, purposeful availment requires a finding that the defendant has performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *Doe v. Unocal Corp.*, 248 F.3d at 924. However, an individual's contract with an out-of-state party alone cannot automatically establish sufficient contacts to support personal jurisdiction. *Id.* The Ninth Circuit has stated that the "focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts, or on account of the unilateral activities of third parties." *Shute*, 897 F.2d at 381 *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). A defendant will be held to have purposefully directed activities at a forum if it committed an intentional act, expressly aimed at the forum state, and causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803. This is called the 'effects test.' *Id.*

The defendants argue that the plaintiff cannot show that the defendants solicited business in Washington State or that the defendants purposefully availed themselves of the privilege of conducting business in Washington State. Dkt 9. The plaintiff argues that it was foreseeable that an injured Washington resident crewmember would have medical treatment and other "consequences" in Washington, because the defendants hired an all Washington crew through the Captain, a Washington resident, of the

MISS PACIFIC. Dkt. 26. Specifically, the plaintiff argues that he "was solicited in Washington by the

skipper's wife." Dkt. 26.

The plaintiff states in his declaration that:

> Mike's wife [the Captain of the MISS PACIFIC] is a receptionist at the
> Ocean Beach Hospital and talked to me when I was there for treatment of
> previous injuries to both knees, including the 1/08 right knee injury, It was
> Mike's wife who suggested I should apply for the job on the crew of the
> MISS PACIFIC with Mike after I recovered from the 1/08 right knee
> injury.

Dkt. 20. The fact that the Captain's wife mentioned in causal conversation with the plaintiff

that he should apply for a job on the MISS PACIFIC does not mean that the defendants purposefully

availed themselves of the privileges of Washington State. The defendants did not advertise this job

opening in Washington State. Dkt. 11. Furthermore, the plaintiff was interviewed and signed his

employment agreement on the MISS PACIFIC while it was docked in Warrenton, Oregon. Dkt. 13.

Finally, there is no evidence that the Captain's wife was acting as an agent or recruiter for the

defendants instead of simply acting as a friendly acquaintance to the plaintiff.  The facts do not appear

to confer the court with specific jurisdiction over the defendants.

Furthermore, the plaintiff also argues that it was foreseeable that the defendants would be subject

to suit in Washington because the crewmembers commuted to their homes in Washington while the vessel

was in port. Dkt. 26. Also, the plaintiff contends that the defendants purposefully availed themselves of the

forum state because the defendants' claims administration was through a Washington agent. Dkt. 26.

Specifically, the the plaintiff argues that the "[d]efendants' tortious conduct appears to extend to

misleading Washington medical providers into providing treatment on the false promise of coverage; again

a Washington tort." Dkt. 26.  However, the fact that after the accident the plaintiff went to see Washington

health care providers does not confer jurisdiction to this court. *See Helicopteros Nacionales de Colombia,*

*S.A. v. Hall,* 466 U.S. 408, 416–417 (1984) (unilateral activity by plaintiff or other persons over whom the nonresident defendant has no control does not satisfy the "purposeful availment" requirement.)

The plaintiff also argues that all the witnesses reside in Washington state and this forum would be more convenient for both parties; however, this argument goes toward the issue of venue which is not raised at this point. Dkt. 26. The plaintiff has not met his burden of showing that the defendants purposefully availed themselves of the laws and privileges of Washington State and has not satisfied the first prong fo the specific jurisdiction test.

For the second prong, the claim must be one which arises out of or relates to the defendant's forum-related activities. Specifically, the cause of action must be one "arising out of" the defendants' continuing efforts to solicit business in forum state, as required to support jurisdiction under Washington long-arm statute, if injury would not have occurred but for the forum-related activities. *Shute,* 897 F.3d at 385; *see also Doe v. American Nat. Red Cross*, 12 F.3d 1048, 1052 (9th Cir. 1997) (the "but for" test established in *Shute* remains viable and is still employed in determining whether a plaintiff's injuries arose out of a defendant's forum-related activities).

The defendants argue that the plaintiff's injury did not arise out of the defendant's purposeful contact with the forum state. Dkt. 9. Specifically, the defendants argue that the plaintiff's claim arises out of an alleged injury in Warrenton, Oregon. Dkt. 9. However, the plaintiff argues that "[b]ut for defendants' tortuous [*sic*] failure to provide maintenance and cure plaintiff and his family wouldn't be suffering ongoing damages in Washington and Washington medical providers wouldn't be going unpaid for their medical services." Dkt. 26. Here, it appears that the defendants minimal, if any, activities with Washington state are unrelated to the plaintiff's alleged injury and are insufficient to confer this court with jurisdiction. *Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997) (defendants' relations to the activities in forum state were far too attenuated to satisfy the "but for" test.) The plaintiff failed to show that his injury

arose out of the defendants' contacts with Washington and has not satisfied the second prong of the specific jurisdiction test.

The bare existence of minimum contacts is not sufficient to allow a court to exercise personal jurisdiction over a defendant. Doe v. *Unocal Corp.*, 248 F.3d at 925. Nevertheless, to satisfy the third prong of this test, once a court decides that a defendant has minimum contacts with the forum state, the court must determine whether the exercise of personal jurisdiction is reasonable and, thus, comports with traditional notions of fair play and substantial justice. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487 (9th Cir. 1993). If a defendant presents a compelling case that jurisdiction is unreasonable, the district court may not exercise personal jurisdiction over the defendant and dismissal is required. *Id*. In considering whether the exercise of jurisdiction over a nonresident defendant is reasonable, courts in the Ninth Circuit consider seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternate forum. *Core-Vent v. Nobel Industries AB*, 11 F.3d at 1487-88; see also *Vernon Johnson Family Ltd. P'ship v. Bank One Texas*, 80 F.Supp. 2d 1127, 1133-34 (W.D.Wash. 2000)(applying factors).

a. Extent of Purposeful Interjection

The defendants argue that the plaintiff's attempt at establishing jurisdiction is unreasonable because the defendants do not have the requisite minimum contacts for an exercise of jurisdiction. Dkt. 9. The Ninth Circuit, in *Shute,* stated that this factor is closely tied to the issue of purposeful availment and that recent cases suggest that this factor is no longer given any weight once it is shown that the defendant purposefully directed its activities toward the forum state. *Shute*, 897 F.2d at 386. It appears that, because

the plaintiff has not met his burden of showing that the defendant purposefully directed their activities at the forum state, this factor should be decided in favor of the defendants.

### b. Burdens on Defendants

The defendants argue there would be significant burdens to defend this suit in Washington because defendants have no offices in Washington and transact no business in Washington. Dkt. 9. The defendant argues that witnesses and evidence, including the MISS PACIFIC, would be available in Oregon, while the plaintiff argues that medical testimony and other witnesses would be available in Washington. Dkt. 9; Dkt. 26. The plaintiff specifically raises the argument that the Sole Member of Pacific Fishing, LLC, Frank Dulcich, resides in Washington, and this forum would be more suited. Dkt. 26. However, the plaintiff's medical providers, located in Southwestern Washington in Illwaco and Longview, could easily travel to either Tacoma, Washington or Portland, Oregon. *See* Dkt. 19; Exhibit 2-4.

### c. Extent of Conflict With Sovereignty of Foreign State

The defendants state that is factor is not relevant and not dispositive. Dkt. 9. The plaintiffs do not raise this factor. Dkt. 26.

### d. Forum State's Interest in Adjudication

The defendants argue that Washington State's interest in this claim is limited to the plaintiff's current residence in Washington but is otherwise uninterested in this dispute. Dkt. 9. The plaintiff did not raise this factor in his response. Dkt. 26.

### e. Most Efficient Judicial Resolution

The defendants assert that Washington is not the most efficient forum for judicial resolution of this dispute because the injury occurred in Oregon and most of the evidence is in Oregon. Dkt. 9. While some fo the witnesses are located in Washington State, the witnesses appear to reside in locations that are equal distance, if not closer, to Portland, Oregon than to Tacoma, Washington.

f. Convenience and Effectiveness of Relief for Plaintiff

The defendants contend that the bulk of the evidence and witnesses are located in Oregon. Dkt. 9. The defendants also assert that the plaintiff routinely traveled to Oregon for work and to collect his pay check. Dkt. 9. However, the plaintiff argues that witnesses and evidence related to his medical treatment are located in Washington State. Dkt. 26. As discussed previously, there are potential witnesses located in Washington State but the distance to this court in Tacoma, Washington appears to be greater or equal to the distance to the alternative forum in Portland, Oregon.

g. Availability of Alternative Forum

The defendants maintain that the plaintiff has the burden of establishing that an alternative forum is unavailable. Dkt. 9. But, the defendants argue that the plaintiff cannot meet this burden because he has already served process on the defendants' registered agent in Oregon and therefore, the plaintiff traveling to Portland, Oregon is not an issue. Dkt. 9. It appears to the court from this case's facts that the U.S. District Court of Oregon would be an acceptable alternative forum.

h. Balancing the Seven Factors

On balancing the seven factors, this court determines that it would not be reasonable for the defendants to defend this action in this court because the court lacks personal jurisdiction over the defendants.

The plaintiff failed to meet his burden to establish that the court had general or specific jurisdiction over the defendants. Therefore, this court does not have personal jurisdiction over the defendants Miss Pacific, LLC or Pacific Fishing, LLC.

B. Lack of subject matter jurisdiction

Although this court lacks personal jurisdiction over the defendants Miss Pacific, LLC and Pacific

Fishing, LLC, this court has analyzed the defendants' other arguments in its Motion to Dismiss and made

the following determinations:

The defendants argue that the plaintiff has failed to establish that this court has subject matter

jurisdiction over the defendant Pacific Fishing, LLC. Dkt. 9. Furthermore, the defendants assert that the

plaintiff has failed to show that any genuine issue of material fact exists whether Pacific Fishing, LLC

employed the plaintiff or owned or operated the MISS PACIFIC, and the defendants seek partial summary

judgment as to the Pacific Fishing, LLC. Dkt. 9

A Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite

their formal sufficiency, and in so doing, may rely on affidavits or any other evidence properly before the

court. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989), *cert. denied*, 493 U.S. 993, 110 S.Ct.

541 (1989); *see also Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947). *Motion to Dismiss under*

*Fed.R.Civ.P. 12(b)(1)*. A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the

factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated

categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning

of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186,

198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28

U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).

When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the

face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of

jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

(1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The defendants argue that the plaintiff's claims against Pacific Fishing, LLC lack subject matter jurisdiction because each cause of action requires that Pacific Fishing, LLC be either plaintiff's employer, or the owner or operator of the MISS PACIFIC. Dkt. 9. Specifically, the defendants assert that the plaintiff cannot establish the necessary employment relationship with Pacific Fishing, LLC or that Pacific Fishing, LCC owned or operated the MISS PACIFIC. Dkt. 9.

The defendants contend that this court has subject matter jurisdiction over a plaintiff's Jones Act claim only if the defendant was the plaintiff's employer. Dkt. 9 To recover under the Jones Act, the plaintiff must show that the defendant was his employer at the time of injury. *Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495, 1498 (9th Cir. 1995) *citing Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783, 787 n. 6 (1949); *see also* 46 U.S.C. § 30104. The Ninth Circuit has held that whether an employer/employee relationship exists is usually a question of fact for the jury, so long as there is an evidentiary basis for its consideration. *Glynn*, 57 F.3d at 1498.

In this case, the plaintiff argues that there is an issue of fact surrounding whether Pacific Fishing, LLC employed the plaintiff. Dkt. 26. Specifically, the plaintiff argues that the crewmember agreement is titled "Pacific Fishing, LLC Crewmember Agreement," and this creates an issue of whether the plaintiff was employed by the defendant Pacific Fishing, LLC. Dkt. 26; Dkt. 19 Exhibit 6. Furthermore, the defendants state that "Miss Pacific, LLC's sole Member is Pacific Fishing, LLC, which is an Oregon limited

liability company." Dkt. 11 at 3. In the defendants' reply, the defendants argue that the plaintiff's crew

contract establishes that the plaintiff was employed solely by Miss Pacific, LLC and not Pacific Fishing.

Dkt. 36. It appears from the facts that issues of fact are present, and this question is typically left up to the

jury. *See Glynn*, 57 F.3d at 1498.

Second, the defendants argue that this court has subject matter jurisdiction over a plaintiff's

unseaworthiness claim only if the defendant was the vessel owner. Dkt. 9 *See La Voie v. Kualoa Ranch*

*and Activity Club, Inc.,* 797 F.Supp. 827, 828 (D.Hawaii 1992) *(*stating that duty to provide a seaworthy

vessel is imposed only upon vessel owners and owners pro hac vice*) citing See Cerqueira v. Cerqueira,*

828 F.2d 863, 865 (1st Cir.1987). Similarly, it appears from the facts that issues of fact are present, and

this question is typically left up to the jury. *See Glynn*, 57 F.3d at 1498.

Third, the defendants argue that this court has subject matter jurisdiction over a plaintiff's

maintenance and cure under General Maritime Law claim can only be maintained against a plaintiff's

employer because the right arises out of and is implied in the contract of employment. Dkt. 9. *Fink v.*

*Shepard S.S. Co.,* 337 U.S. 810, 815 (1949) (holding that the right to maintenance and cure is annexed to

the employment and only the owner or owner pro hac vice of a vessel is liable for wages which also stem

from the contract of employment.) Similarly, it appears from the facts that issues of fact are present, and

this question is typically left up to the jury. *See Glynn*, 57 F.3d at 1498. Therefore, this court should deny

the defendants' motion to dismiss for lack of subject matter jurisdiction.

Finally, the plaintiff requests that the issue of subject matter jurisdiction over the defendant Pacific

Fishing, LLC be delayed under Federal Rule of Civil Procedure 56(f) to allow jurisdictional discovery. Dkt.

26. In response, the defendants argue that the plaintiff has failed to meet his burden to demonstrate that he

can supplement his jurisdictional allegations through discovery. Dkt. 36. Specifically, the defendants assert

that the plaintiff's reliance on the language in the crewmember agreement is irrelevant and that a

parent/subsidiary relationship between two defendants cannot serve as a basis for finding that Pacific

Fishing, LLC owned or operated the MISS PACIFIC or employment the plaintiff. Dkt. 36. Here, issues of

fact are present, and the court should deny the defendants' motion to dismiss for lack of subject matter

jurisdiction.

### C. Transfer under 28 U.S.C. § 1631

Because this court lacks personal jurisdiction over the defendants, the court should consider

transfer without motion by the parties instead of dismissing the case. *Cruz-Aguilera v. I.N.S.,* 245 F.3d

1070, 1074 (9th Cir. 2001). The language of 28 U.S.C. § 1631 governing the transfer of civil actions

among federal courts to cure jurisdictional defects is mandatory. *Id.*; *see also* 28 U.S.C. § 1631 (which

provides that "if there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such

action ... to any other such court in which the action or appeal could have been brought at the time it was

filed or noticed"). This court may transfer this case to any district court where the action could have been

brought. *See Andersen v. Sportmart, Inc.,* 57 F.Supp.2d 651, 664 (N.D.Ind.1999). Transfer is appropriate

under 28 U.S.C. § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the

transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in

the interest of justice. *Cruz-Aguilera*, 245 F.3d at 1074.

First, this court lacks personal jurisdiction over the defendants. Second, the transferee court, U.S.

District Court of Oregon, could have exercised jurisdiction at the time this action was filed, December 29,

2008. *See* Dkt.1. Third, a transfer of this claim is in the interest of justice because a transfer would lead to

a more just, speedy and inexpensive resolution for all parties. The Ninth Circuit has held that the interests

of justice normally warrant transfer of a case rather than dismissal. *Baeta v. Sonchik*, 273 F.3d 1261, 1264

(9th Cir.2001). Furthermore, transfer avoids the "time-consuming and justice-defeating" effect of requiring

a case to be filed elsewhere. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990). Therefore, under 28

U.S.C. § 163, this court should transfer this case and all defendants, including the vessel F/V MISS PACIFIC, ON 621170, to the U.S. District Court of Oregon. Other issues remaining should be resolved by the transferee court including the defendants' Motion to Dismiss for Insufficient Process (Dkt. 9) and the plaintiff's Motion to Compel Maintenance and Cure and Unearned Wages (Dkt. 19).

Therefore, it is hereby

**ORDERED** that Defendants Miss Pacific, LLC and Pacific Fishing, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, and Lack of Subject Matter Jurisdiction and Partial Summary Judgment Re Defendant Pacific Fishing is **GRANTED** in part for Lack of Personal Jurisdiction, otherwise **DENIED** in part as to dismissal, and this matter **TRANSFERRED** to the United States District Court for Oregon in lieu of dismissal. This Court's Scheduling Order (Dkt. 3) is **VACATED.**

The Clerk shall close the file and notify the Clerk of Court in that district.

DATED this 9th day of March, 2009.

ROBERT J. BRYAN
United States District Judge